IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LIONEL NEWMAN, | § | |
| TDCJ #1337578, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0797 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent.[1] | § | |

## MEMORANDUM AND ORDER

State inmate Lionel Newman (TDCJ #1337578, former TDCJ #1249138, #1196147, #583106) has filed a petition under 28 U.S.C. § 2254, seeking a federal writ of habeas corpus to challenge his state court conviction for burglary of a habitation with intent to commit theft. The respondent has answered with a motion for summary judgment, arguing that Newman is not entitled to relief. (Docket No. 15). Newman has filed a response. (Docket No. 18). Newman has also filed motions for appointment of counsel, an evidentiary hearing, and leave to conduct discovery. (Docket Nos. 3, 17, 19). After considering all of the pleadings, the state court records, and the applicable law, this Court **grants** the respondent's motion and **dismisses** this case for reasons set forth below.

---

[1] The petition names Nathaniel Quarterman as the respondent. Because Quarterman has retired as Director of the Texas Department of Criminal Justice - Correctional Institutions Division, the Court substitutes his replacement, Rick Thaler, as the proper respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

## I.    BACKGROUND

Newman is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), who seeks habeas corpus relief in federal court from a state conviction.  According to the state court records, a Harris County grand jury returned an indictment against Newman in cause number 1043620, accusing him of burglary of a habitation with intent to commit theft.  The State of Texas enhanced that indictment with allegations that Newman had at least two prior felony convictions.  A jury in the 230th District Court of Harris County, Texas, found Newman guilty as charged in the indictment.  After Newman conceded that the enhancement allegations were true, the trial court sentenced him to serve 35 years in prison.

On direct appeal, Newman challenged the factual and legal sufficiency of the evidence in support of his conviction for burglary of a habitation with intent to commit theft.  Newman also complained that the trial court erred by denying his request for a jury instruction on the lesser offense of burglary of a building.  An intermediate court of appeals rejected all of Newman's arguments and affirmed the conviction in an unpublished opinion.  *See Newman v. State*, No. 14-05-01125-CR (Tex. App. — Houston [14th Dist.] May 17, 2007).  In doing so, the appellate court entered the following factual summary based on the evidence presented at trial:

> On the morning of May 6, 2000, Dr. Victor Zurita, complainant, awoke when he heard the sound of glass breaking on the first floor of his home.  He went downstairs to investigate.  He saw an African-American man entering his house through a broken window with one arm and one leg inside the house. Zurita yelled at him, "Get away."  The man took off

2

running through the garage.  Zurita heard a car drive away.  Zurita woke up his wife and sister-in-law who were also sleeping in the house.  His wife called the police.

Houston Police Officer Steven Derrick arrived twenty minutes later. Zurita went with Officer Derrick to search the back of the house, where the broken window was located.  They observed that the garage door was open and saw an old computer, monitor, and large toy car neatly stacked outside the garage.  Zurita testified that the garage door was closed and unlocked the night before and the computer, monitor, and toy car were inside the garage.  Officer Derrick observed fingerprints on the broken window. Officer John Gray, a Houston police fingerprint analyst, came to the scene to recover the prints on the glass from the broken window.  Officer Rafael Saldiver, a latent print examiner for the Houston police, reviewed the prints and determined they matched [Newman's] fingerprints.

*Id.*, slip op. at 2-3.  Thereafter, the Texas Court of Criminal Appeals refused Newman's petition for discretionary review.

Newman challenged his conviction further by filing a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure.  In that application, Newman argued that he was entitled to relief from his conviction because he was denied effective assistance of counsel at trial and on direct appeal.  Newman also argued that several of the trial court's rulings violated his right to due process.  The state habeas corpus court, which also presided over Newman's trial, entered findings of fact and concluded that Newman failed to show that any of his claims had merit.  The Texas Court of Criminal Appeals agreed and denied relief, without a written order, based on findings made by the trial court.  *See Ex parte Newman*, No. 32,652-08 (Oct. 15, 2008).

Newman now seeks a federal writ of habeas corpus to challenge his state court conviction under 28 U.S.C. § 2254.  In that petition, Newman contends that he was

3

denied effective assistance of counsel at trial and on direct appeal.   Newman also complains that the trial court erred by admitting certain "opinion" testimony by the state's fingerprint analyst, Officer John Gray.   In addition, Newman alleges that the State violated his right to due process by failing to disclose "exculpatory, material [and] indispensable evidence" in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

The respondent has filed a motion for summary judgment, arguing that Newman's *Brady* claim and his claim concerning Officer Gray's opinion testimony are barred from review by the doctrine of procedural default.[2]   The respondent argues further that Newman fails to otherwise show that he is entitled to relief under the federal habeas corpus standard of review.   Newman disagrees.   The parties' contentions are addressed under the applicable habeas corpus standard, which is set forth below.

## II.    STANDARD OF REVIEW

The respondent's motion for summary judgment must be determined in compliance with the federal habeas corpus statutes.   *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002).   Federal habeas corpus proceedings filed after April 24, 1996 are governed by provisions of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).   *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).   The AEDPA was enacted, at least in part, to ensure comity, finality,

---

[2]    After the respondent filed his motion for summary judgment, Newman filed a motion requesting a default judgment on the grounds that the respondent failed to file a timely answer.   The respondent's summary judgment motion qualifies as a responsive pleading in this instance and it was timely filed.   Therefore, Newman's motion for a default judgment (Docket No. 16) will be denied.

and deference to state court determinations by limiting the scope of collateral review and clarifying the standard for federal habeas relief.  *Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003) (citations omitted).  As the Supreme Court has explained, the federal habeas corpus statutes amended by the AEDPA, codified at 28 U.S.C. § 2254(d), set forth a "highly deferential standard for evaluating state-court rulings, . . . , which demands that state court decisions be given the benefit of the doubt."  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted).  Specifically, the AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law."  *Bell v. Cone*, 535 U.S. 685, 693 (2002) (quotation omitted).

To the extent that the petitioner's claims were adjudicated on the merits in state court, the AEDPA standard applies.  The AEDPA standard provides that a petitioner is not entitled to relief unless he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"  28 U.S.C. § 2254(d)(1).  A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 404-08 (2000); *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009).  A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to

the facts of the case. *Brown v. Payton*, 544 U.S. 133, 141 (2005). Under this standard, an unreasonable application is more than merely incorrect or erroneous; rather, the state court's application of clearly established law must be "objectively unreasonable." *Williams*, 529 U.S. at 409. The focus of this objective reasonableness inquiry is on the state court's ultimate decision, not whether the state court "discussed every angle of the evidence." *Dale v. Quarterman*, 553 F.3d 876, 879 (5th Cir. 2008) (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc)).

The deferential AEDPA standard of review applies even where the state court fails to cite applicable Supreme Court precedent or fails to explain its decision. *See Early v. Packer*, 537 U.S. 3, 7 (2002). Thus, a federal habeas corpus court's inquiry under § 2254(d)(1) is not altered where the state court denies relief without a written opinion. *See Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003). For such a situation, a reviewing court (1) assumes that the state court applied the proper "clearly established Federal law"; and (2) then determines whether its decision was "contrary to" or "an objectively unreasonable application of" that law. *Id.* (citing *Catalan v. Cockrell*, 315 F.3d 491, 493 & n.3 (5th Cir. 2002)).

A state court's findings and conclusions are entitled to deference unless the petitioner shows that they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2); *Buntion v. Quarterman*, 524 F.3d 664, 670 (5th Cir. 2008), *cert. denied*, — U.S. —, 129 S. Ct. 1306 (2009). A state court's findings of fact are presumed to be correct on federal

6

habeas review, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).  This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well.  *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004));  *see also Sumner v. Mata*, 455 U.S. 591, 597 (1982) (holding that findings by a state appellate court are entitled to the same deference owed to findings by trial courts). The petitioner's claims are discussed below under this deferential standard.

## III.   DISCUSSION

### A.   *Brady v. Maryland*

Newman contends that the state violated his right to due process under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose evidence in the form of ten pieces of broken glass that were collected by a fingerprint analyst, Houston Police Officer John Gray.  At trial, Officer Gray testified that he recovered several identifiable fingerprints from ten pieces of glass taken from the broken window in the victim's home.  *See Court Reporter's Record*, vol. 3, at 87.  Officer Gray testified that, because of the "very clean, neat manner" in which the fingerprint impressions were made, he believed that they were left by someone who was attempting to move or remove the glass from the broken window.  *See id.* at 88.  Newman argues that the trial court failed or refused to allow him "discovery and inspection" of this evidence.  Newman does not allege what the pieces of

glass would have shown.   Newman maintains, nevertheless, that he was denied an "opportunity to present a viable defense at trial in order to prove his innocence."

The respondent notes that this claim was not presented on appeal or collateral review through a writ of habeas corpus filed under Article 11.07 of the Texas Code of Criminal Procedure.   The respondent argues, therefore, that Newman failed to exhaust available state court remedies with respect to his *Brady* claim.   As the respondent correctly observes, Newman's failure to exhaust state court remedies results in a procedural default.

### 1.      Exhaustion and Procedural Default

The federal habeas corpus scheme of review requires petitioners for relief to first present their claims in state court and to exhaust all state court remedies through proper adjudication.   *See* 28 U.S.C. § 2254(b).   "To satisfy the exhaustion requirement, the petitioner must fairly present the substance of his federal claim to the highest state court." *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008).   In Texas, a criminal defendant may challenge a conviction by taking the following paths:   (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.   *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir.) ("Habeas petitioners must

exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."), *cert. denied*, 541 U.S. 1087 (2004). It is undisputed that Newman did not present his *Brady* claim on direct appeal or collateral review.[3]

The procedural default rule precludes habeas corpus review when a petitioner has failed to meet state procedural requirements for presenting his federal claims, thereby depriving the state courts of an opportunity to address those claims in the first instance. *See Cone*, ─ U.S. ─, 129 S. Ct. at 1780 (noting that, "[w]hen a petitioner fails to properly raise his federal claims in state court, he deprives the State of 'an opportunity to address those claims in the first instance' and frustrates the State's ability to honor his constitutional rights") (quoting *Coleman*, 501 U.S. at 732). It is well established that "[i]f

---

[3]     In his response to the summary judgment motion, Newman protests that he exhausted this claim by raising it in a petition for a writ of mandamus. (Docket No. 18). The record shows that Newman filed a petition for a writ of mandamus to compel the trial court to allow discovery and inspection of evidence on the grounds that he was denied access prior to trial. *See Ex parte Newman*, No. 32,652-07; *see also* Docket No. 1, Exhibits M & N. Because Newman's mandamus petition sought to compel action, and did not challenge the underlying judgment of conviction or the sentence, this is insufficient to exhaust state court remedies. *See Tate v. Dretke*, Civil No. H-05-0507, 2005 WL 1949592 at *2 (S.D. Tex. Aug.12, 1995) (finding that a state court mandamus action was not an application for collateral review and did not exhaust remedies); *Anderson v. Tex. Bd. of Pardons and Paroles*, Civil No. H-04-1078, 2006 WL 1875964 at *1 (S.D. Tex. July 5, 2006) (same); *accord Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002) (holding that a mandamus application to compel action does not qualify as an application for "post conviction or other collateral review" for purposes of tolling under the AEDPA). Moreover, the mandamus petition filed by Newman does not reference *Brady v. Maryland* and does not otherwise allege facts outlining a *Brady* claim. A state prisoner does not "fairly present" his federal claim to the state court if that court must read beyond the petition or brief to find material that will alert it to the presence of the claim. *Baldwin v. Reese*, 541 U.S. 27, 30-33 (2004).

a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)); *see also Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

In this case, the evidence which forms the basis of Newman's *Brady* claim was available at trial and introduced during Officer Gray's testimony.  Newman's unexhausted claim could have been raised on appeal or in his state habeas corpus application. Accordingly, a successive petition by Newman would be barred by the Texas abuse-of-the-writ statute.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a).  Because Texas would likely bar another habeas corpus application by Newman on this subject, this default represents an adequate state procedural ground which, in turn, bars federal review of his claims.  *Finley*, 243 F.3d at 220 (citing *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995)).

An exception to the doctrine of procedural default exists where the petitioner demonstrates either cause for the default and actual prejudice as a result of the alleged violation of federal law or that failing to consider his claim will yield a fundamental "miscarriage of justice." *Coleman*, 501 U.S. at 750.  Newman does not show cause for his procedural default and, for reasons outlined further below, he does not demonstrate actual prejudice because his claim is without merit.  Likewise, Newman does not allege or show that he is actually innocent or that his conviction has resulted in a fundamental

miscarriage of justice.  Because Newman does not satisfy any recognized exception, his *Brady* claim is procedurally barred from federal review.

### 2.    Alternatively, the Claim is Without Merit

Alternatively, Newman cannot prevail because he fails to establish a valid claim. In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court held that the suppression by the prosecution of evidence favorable to an accused "violates due process where the evidence is material to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  To establish a *Brady* violation, a defendant must prove that: (1) the evidence was favorable to the defendant, either because it was exculpatory or because it has impeachment value; (2) the evidence was withheld or suppressed by the prosecutor, either willfully or inadvertently, and (3) the evidence was material such that prejudice ensued.  *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *Kyles v. Whitley*, 514 U.S. 419, 432-33 (1995).  Evidence is material under *Brady* when there is a "reasonable probability" that the outcome of the trial would have been different if the suppressed evidence would have been disclosed to the defendant.  *See Wood v. Bartholomew*, 516 U.S. 1, 5 (1995); *United States v. Moore*, 452 F.3d 382, 387-88 (5th Cir. 2006).

Because the evidence at issue – ten pieces of broken glass retrieved from the crime scene – was introduced at trial, Newman fails to show that the State withheld or suppressed this evidence.  *See United States v. Infante*, 404 F.3d 376, 386 (5th Cir. 2005) ("*Brady* rights are not denied where the information was fully available to the defendant

and his reason for not obtaining and presenting such information was his lack of reasonable diligence.")   Moreover, Newman does not show that the evidence was exculpatory or material because he does not provide any facts showing that the pieces of broken glass would have resulted in a different outcome at trial.   Under these circumstances, Newman does not articulate a valid *Brady* violation.   Accordingly, he is not entitled to relief for this alternative reason.

### B.   Trial Court's Decision to Allow Opinion Testimony

Newman complains further that the trial court erred by allowing Officer Gray to give an opinion about the fingerprints that he recovered from broken window glass recovered at the scene.   As noted above, Officer Gray was the fingerprint analyst who testified for the state at trial.   Officer Gray opined that, based on his twenty-three years of experience and his special training in fingerprint analysis, the prints were likely left by someone removing the glass from the broken window.   *See Court Reporter's Record*, vol. 3, at 87-88.   Newman insists that the testimony was improper because it concerned an "ultimate issue" for the jury.   As the respondent notes, the last court to consider this claim found that the issue was "procedurally defaulted" because Newman failed to raise this claim properly on direct appeal.   *See Ex parte Newman*, No. 32,652-08 at 60 (citing *Ex pate Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996) (citation omitted)).   The respondent argues that this claim is also barred from federal habeas corpus review by the doctrine of procedural default.

### 1.   Procedural Default

If a claim has not been adjudicated on the merits in state court, federal review is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on an independent and adequate state-law ground. *Cone v. Bell*, — U.S. —, 129 S. Ct. 1769, 1780 (2009) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Lee v. Kemna*, 534 U.S. 362, 375 (2002)).  "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.  It is the petitioner's burden to show that the "independent and adequate" state procedural rule at issue is not firmly established and regularly followed, or that it was capriciously applied under the circumstances. *See Wright v. Quarterman*, 470 F.3d 581, 586 (5th Cir. 2006) (citations omitted).  Newman has not met that burden here.  Based on this record, Newman further fails to establish that any exception to the doctrine of procedural default applies.  Therefore, his claim concerning Officer Gray's testimony is procedurally barred from federal review.

### 2.   Alternatively, the Claim is Without Merit

Alternatively, the Court notes that Newman's counsel did not object to the challenged testimony by Officer Gray. *See Court Reporter's Record*, vol. 3, at 87-88.

Newman fails to show that the officer's testimony was improper or that his attorney had a valid objection to make.[4]  Even assuming there was an error, an alleged violation of state law does not merit federal habeas corpus relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  A federal habeas corpus court will not grant relief from errors in a state trial court's evidentiary rulings unless those errors resulted in a "denial of fundamental fairness" under the Fourteenth Amendment Due Process Clause.  *Neal v. Cain*, 141 F.3d 207, 214 (5th Cir. 1998) (citing *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983)).  Based on this record, Newman fails to show that the trial court erred or that evidence at issue was admitted in violation of his constitutional rights.  Accordingly, Newman is not entitled to relief on this claim.

## C.     Ineffective Assistance of Counsel at Trial

Newman contends that he is entitled to relief because his criminal defense counsel performed in a constitutionally ineffective manner at his trial.  The Supreme Court has recognized that the Sixth Amendment guarantees criminal defendants the effective

---

[4]     Under Rule 704 of the Texas Rules of Evidence, testimony in the form of an opinion or inference that is otherwise admissible is not objectionable simply because it embraces an ultimate issue to be decided by the trier of fact. TEX. R. EVID. 704; *Ex Parte Nailor*, 149 S.W.3d 125, 134 (Tex. Crim. App. 2004) (finding that defense counsel was not constitutionally deficient for failing to object to opinion testimony given by a police officer).  Rule 701 permits a lay witness to offer opinion testimony if that opinion is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." TEX. R. EVID. 701; *Reece v. State*, 878 S.W.2d  320, 325 (Tex. App. — Houston [1st Dist.] 1994, no pet.) (observing that a police officer may testify, based on his training and experience, that the actions he observed were consistent with someone selling drugs).  Newman fails to show that the testimony was inadmissible in this instance.

assistance of counsel at trial.  *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).  Claims for ineffective assistance of counsel are analyzed under the well established standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency.  *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000).  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable."  *Strickland*, 466 U.S. at 687.

Counsel's performance is constitutionally deficient if it falls below an objective standard of reasonableness.  *See  id.* at 687-88.  To demonstrate deficient performance on his counsel's part, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. at 688. "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.  That is, the defendant must overcome the presumption that, under the circumstances, "the challenged action might be considered sound trial strategy."  *Riley v. Dretke*, 362 F.3d 302, 305 (5th Cir. 2004).

Deficient performance, standing alone, is not sufficient to prevail under *Strickland*.  Once a petitioner establishes error by his defense counsel, then he must still

demonstrate actual prejudice as a result of his counsel's deficient performance. Performance is prejudicial only if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" in this context is "a probability sufficient to undermine confidence in the outcome." *Id*.

In this instance, Newman complains that his defense counsel was deficient for failing to object or move for a mistrial after the victim failed to identify him in open court. The record shows that the victim identified Newman as the man he saw entering his home through a broken window, but that his identification was tentative:

> Q.  Explain what happened.  How did you go downstairs?
>
> A.  Okay.  I was walking down the staircase, and then I heard glass breaking again for the third time. And then something didn't seem right and then at that point, I thought maybe my wife was cooking, maybe she's just being careless; and she's breaking something. And then when I walked downstairs and then I turned toward the kitchen, then I saw somebody breaking in.
>
> Q.  Okay. The person that you saw breaking in, do you see him here seated in the courtroom today?
>
> A.  Well, I think that's him.
>
> Q.  Okay.
>
> A.  I am not quite sure because it was not totally clear. It was still a little bit dark.
>
> Q.  The person that you believe that it was, you do see him here in the courtroom?
>
> A.  Yeah, I believe that's him.

16

*Court Reporter's Record*, vol. 3, at 43.  In addition to the victim's testimony, the state presented evidence that fingerprints found on pieces of glass from the broken window matched those belonging to Newman.  Newman maintains, nevertheless, that the victim's testimony was insufficient to constitute a proper identification and that his attorney should have objected and requested a mistrial on this basis.

The state habeas corpus court found that Newman failed to show that his attorney erred.  *See Ex parte Newman*, No. 32,652-08 at 59.  In particular, the state habeas corpus court found that Newman's attorney did, in fact, move for a directed verdict based on the contention that the State had not proved identification of the defendant beyond a reasonable doubt.  *See id*.  The state habeas corpus court also found that Newman failed to show that there was a basis for counsel to move for a mistrial.  *See id*. at 60.  Therefore, the state habeas corpus court concluded that Newman failed to show that his trial counsel's performance fell below an objective standard of reasonableness or that, but for counsel's alleged deficient conduct, there was a reasonable probability that the result of the proceeding would have been different.  *See id* at 59.

The state habeas corpus court's factual findings are entitled to substantial deference.  Newman does not meet his burden to rebut any of the state court's fact findings with clear and convincing evidence and, therefore, these fact findings are presumed correct.  *See* 28 U.S.C. § 2254(e)(1).  The state court's fact findings are supported by the record, which shows that trial counsel objected to the identification by filing a motion for a directed verdict at the close of the state's case.  Trial counsel argued,

in particular, that the evidence was insufficient because the victim failed to "positively identify the defendant" as the perpetrator.  *See Court Reporter's Record*, vol. 3, at 112. The trial court denied the motion.  *See id*.

Newman does not show that his counsel had, but failed to make a valid objection. Likewise, he does not show that there was any basis to request a mistrial.[5]  Absent a showing that counsel failed to raise a meritorious objection and that the outcome would have been different, the petitioner fails to demonstrate deficient performance or actual prejudice.  *See Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006) (holding that counsel was not deficient in failing to present a meritless argument) (citation omitted); *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."); *Lavernia v. Lynaugh*, 845 F.2d 493, 499 (5th Cir. 1988) ("Counsel cannot be faulted for failing to pursue meritless motions.") (citations omitted); *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984) ("Counsel is not required to engage in the filing of futile motions."). Because Newman has not shown that his counsel failed to raise a valid objection or to file a meritorious motion that would have changed the result of his trial, he does not

---

[5]      In Texas, a mistrial is typically sought to remedy affirmative misconduct but is required "[o]nly in extreme circumstances, where the prejudice is incurable." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). "A mistrial is the trial court's remedy for improper conduct that is 'so prejudicial that expenditure of further time and expense would be wasteful and futile.'" *Id*. (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)).

demonstrate that the state court's decision to reject his ineffective-assistance claim was incorrect or unreasonable.

### D.     Ineffective Assistance of Counsel on Appeal

Newman contends that he was denied effective assistance of counsel on appeal because his attorney "fail[ed] to correctly present the trial error for appellate review in preparing [his] appellate brief." (Docket No. 1, at 8).  He does not elaborate.  On state habeas review, Newman complained that his appellate attorney failed to adequately brief an issue about whether the trial court erred by denying a jury instruction on the lesser offense of burglary of a building. The state habeas corpus court rejected this claim, finding that Newman failed to show that his appellate counsel's performance fell below an objective standard of reasonableness or that, but for appellate counsel's conduct, there was a reasonable probability that the result of the proceeding would have been different. *See Ex parte Newman*, No. 32,652-08 at 60.

A claim of ineffective assistance on appeal is governed by the test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the defendant to establish both constitutionally deficient performance and actual prejudice.  *See Smith v. Murray*, 477 U.S. 527, 535-36 (1986) (applying *Strickland* to a claim of ineffective assistance of counsel on appeal).  To establish that appellate counsel's performance was deficient in the context of an appeal, the defendant must show that his attorney was objectively unreasonable in failing to find arguable issues to appeal — that is, that counsel unreasonably failed to discover non-frivolous issues and raise them. *Smith v. Robbins*,

528 U.S. 259, 285 (2000). If the defendant succeeds in such a showing, then he must establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." *Id.*

The right to counsel on appeal "does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal." *Robbins*, 528 U.S. at 278. Appellate counsel is not deficient for not raising every non-frivolous issue on appeal. *United States v. Reinhart*, 357 F.3d 521, 524 (5th Cir. 2004) (citing *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 2000)). To the contrary, counsel's failure to raise an issue on appeal will be considered deficient performance only when that decision "fall[s] below an objective standard of reasonableness." *Id.* This standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *Id.* "Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Id.*

Newman's claim concerning his entitlement to a jury instruction on a lesser-included offense was raised and rejected on direct appeal. In particular, the state appellate court rejected Newman's claim after finding that the issue raised on appeal did not "comport with the rationale for his request at trial." *Newman v. State*, No. 14-05-01125-CR, at *4 (Tex. App. ── Houston [14th Dist.] May 17, 2007, pet. ref'd). Newman's conclusory allegations of ineffectiveness are insufficient to establish deficient performance on federal habeas corpus review. *Collier v. Cockrell*, 300 F.3d 577, 587

(5th Cir. 2002) (citing *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir.1983)).  Even assuming that appellate counsel erred by failing to brief the issue correctly, Newman fails to establish that he was entitled to a jury instruction for the reason given by his trial attorney or that the result of the appeal would have been any different.  Accordingly, his allegation fails to establish actual prejudice.

Newman does not establish any other basis for deficient performance by his appellate counsel.  Newman does not allege facts showing that his appellate counsel failed to raise a non-frivolous issue or that, but for his attorney's errors, the outcome of his proceeding would have been any different.  Thus, he fails to establish deficient performance or actual prejudice on his appellate counsel's part and that he does not establish a valid claim for ineffective assistance of counsel on appeal under the *Strickland* standard.  Newman does not otherwise establish that the state court's decision to reject his ineffective-assistance claim was contrary to or involved an unreasonable application of clearly established Supreme Court precedent.  *See* 28 U.S.C. § 2254(d)(1).  Therefore, he is not entitled to federal habeas corpus relief on these claims and the respondent is entitled to summary judgment on this issue.

## IV.   NEWMAN'S MOTIONS

Newman has filed motions for an evidentiary hearing and leave to conduct discovery.  (Docket Nos. 3, 19).  He also seeks appointment of counsel to assist him in

the development of his claims.  (Docket No. 17).  Newman's motions will be denied for reasons set forth briefly below.

Newman filed his motion for discovery after the respondent submitted a motion for summary judgment.  Therefore, the Court construes his request as a motion for a continuance to conduct discovery under Rule 56(f) of the Federal Rules of Civil Procedure.  Under Rule 56(f)(2), the Court may grant a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken, if the party opposing a motion for summary judgment shows by affidavit that it cannot present facts essential to justify its opposition.

Motions for a continuance under Rule 56(f) are "generally favored, and should be liberally granted."  *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999) (citing *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992)).  To justify a continuance, however, the Rule 56(f) motion must demonstrate (1) why the movant needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact.  *See Stearns Airport Equip.*, 170 F.3d at 534-35 (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)).  In that regard, the movant "must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.'"  *Stearns Airport Equip.*, 170 F.3d at 535

(quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (citation omitted)).

Importantly, Rule 56(f) and the other Federal Rules of Civil Procedure apply only to the extent that they are not inconsistent with any statutory provisions or the rules governing federal habeas corpus review.  *See* 28 U.S.C. *foll.* § 2254, Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts.   Under these rules, discovery is limited in habeas corpus proceedings.  In particular, "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000); *see also Hill v. Johnson*, 210 F.3d 481, 487 (5th Cir. 2000).  "Good cause" for discovery may be found when a petition for a writ of habeas corpus "establishes a *prima facie* claim for relief." *Murphy*, 205 F.3d at 814.  Before authorizing discovery, the Court must first conclude that the specific allegations in the petition "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." *Id.*   In that regard, petitioner's factual allegations "must be specific, as opposed to merely speculative or conclusory, to justify discovery." *Id.*  "Simply put, Rule 6 does not authorize fishing expeditions." *Id.*; *see also Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

Newman seeks discovery of the ten pieces of glass that were collected by the fingerprint analyst, Officer Gray.  Newman requests discovery of this evidence to "allow for the true facts of his '<u>Brady Claim</u>' to become fully developed."  Newman provides no

specific facts in support of this request, however, and no information about what additional discovery would show. The Court notes that Newman has filed a response to the summary judgment motion and it has considered that response along with all of the other pleadings filed by Newman in this case.  As outlined above, fingerprint evidence taken from the pieces of broken glass was introduced at trial.  Thus, this evidence was not suppressed.  Newman's allegations are not sufficient to establish a valid *Brady* claim. Under these circumstances, Newman fails to show that any of the requested discovery would raise a genuine issue of material fact or that there is good cause to permit discovery under Rule 6.  Accordingly, the petitioner's motion for discovery (Docket No. 19) will be denied.

Newman has also requested an evidentiary hearing.  To the extent that Newman failed to develop any facts related to his claims in state court, the decision whether to hold an evidentiary hearing is governed by 28 U.S.C. § 2254(e)(2).  Under this statute, if an applicant "failed to develop the factual basis of a claim in State court proceedings," then the federal habeas corpus court may hold an evidentiary hearing *only* if:

(A)    the claim relies on —

    (i)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (ii)   a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B)    the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no

> reasonable fact-finder would have found the applicant guilty of the
> underlying offense.

28 U.S.C. § 2254(e)(2).  Newman makes no effort to show that he is entitled to a hearing

under this statute.

The decision whether to conduct an evidentiary hearing is committed to this

Court's discretion.  *See Michael Williams v. Taylor*, 529 U.S. 420, 436 (2000) (stating

that it was "Congress' intent to avoid unneeded evidentiary hearings in federal habeas

corpus" proceedings); *Robinson v. Johnson*, 151 F.3d 256, 268 (5th Cir. 1998), *cert.

denied*, 526 U.S. 1100 (1999).  An evidentiary hearing is not required if there are "no

relevant factual disputes that would require development in order to assess the claims."

*Robinson*, 151 F.3d at 268.  This Court has been able to resolve all issues raised in this

case by referring to the pleadings, the state court records, including the trial transcripts

and exhibits.  Newman's request for an evidentiary hearing (Docket No. 3) is therefore

denied.  Under these circumstances, Newman fails to show that he is entitled to the

appointment of counsel.  Accordingly, this motion (Docket No. 17) will be denied as

well.

## V.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the

Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253,

a certificate of appealability is required before an appeal may proceed.  *See Hallmark v.

Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28

U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For all of the reasons discussed above, the court concludes that jurists of

reason would not debate whether any procedural ruling in this case was correct or whether the petitioner stated a valid claim of the denial of a constitutional right. Therefore, a certificate of appealability will not issue.

## VI.    CONCLUSION AND ORDER

Based on the foregoing, the court **ORDERS** as follows:

1.      The respondent's motion for summary judgment (Docket No. 15) is **GRANTED**.

2.      The petitioner's motions for appointment of counsel, for an evidentiary hearing, for a default judgment, and for leave to conduct discovery (Docket Nos. 3, 16, 17, 19) are **DENIED**.

3.      The petition for a writ of habeas corpus (Docket No. 1) is **DENIED**, and this case is **DISMISSED** with prejudice.

4.      A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas this 27th day of October, 2009.

Kenneth M. Hoyt
United States District Judge